**Entered on Docket**
**March 10, 2006**

_____
**Hon. Gregg W. Zive**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

In re:

UNIQUE DRYWALL & STUCCO, INC.          BK-04-50046

    Debtor.                        MEMORANDUM DECISION RE:
                                       IMMEDIATE PAYMENT OF
                                       ALLOWED ATTORNEY FEES
_____/

    Debtor's counsel Alan R. Smith's ("Applicant") First & Final Application for Compensation covering the period December 9, 2003, through April 30, 2004 (the "Application") was approved following a hearing thereon; however, the court refused to approve payment until the parties provided additional briefing regarding whether actual payment was appropriate because of the conversion of the case from a Chapter 11 to a Chapter 7 at the same hearing. The order entered as a result of the hearing provided Applicant shall have an allowed Chapter 11 administrative claim for professional services rendered in the amount of $7,935.00 and expenses in the amount of $1,485.98 for a total of $9,420.98. A retainer paid to Applicant pre-petition in the amount of $5,839.00 was held in trust by Applicant. Postpetition, an additional $2,522.14 was paid which he also held in trust. The difference between the amount held in trust, $8,361.14, and the allowed compensation is $1,059.84.

    After lengthy argument at a subsequent hearing, the court allowed the parties to file

additional briefs and took the matter under submission.

Two issues are before the court. First, although the case was converted from a Chapter 11 to a Chapter 7, should Applicant be paid the prepetition retainer of $5,839.00 prior to paying the U.S. Trustee or any Chapter 7 administrative claimants, notwithstanding the priority distribution scheme set forth in 11 U.S.C. § 726(b)? Second, if the court finds Applicant's prepetition retainer cannot be paid outside the priority distribution scheme set forth in § 726(b), can Applicant be paid, along with the remainder of Applicant's approved fees and expenses, for a total of $9,420.98, prior to any payment made subject to § 726(b), so long as the Chapter 7 case is administratively solvent and other Chapter 11 administrative claimants of equal priority will not be affected?

> A.  <u>Should the pre-petition retainer in the amount of $5,839.00 be applied immediately towards Applicant's approved fees and costs, or is it subject to the priority distribution scheme set forth in 11 U.S.C. § 726(b)?</u>

In a Chapter 7 case, the trustee is required to distribute the estate property or proceeds pursuant to the priorities set by the Bankruptcy Code. <u>See</u> 11 U.S.C. §§ 726, 507. The distribution scheme set forth in § 726(b) mandates pro rata distribution of assets among creditors in the same statutory class. Section 726 provides, in pertinent part, as follows:

> Payment of claims of a kind specified in paragraph (1), (2), (3), (4), (5), (6), (7), or (8) of section 507(a) of this title, or in paragraph (2), (3), (4), or (5) of subsection (a) of this section, shall be made pro rata among claims of the kind specified in each such particular paragraph . . . .

11 U.S.C. § 726 (b).

Section 507(a) establishes a hierarchy of creditors and describes the order in which they may lay claim to the assets of the bankruptcy estate. At the top of this hierarchy are Chapter 7 administrative claims which are given priority over Chapter 11 administrative claims. 11 U.S.C. § 726(b). However, according to the majority view, U.S. Trustee's fees, which come due during the Chapter 11 case, receive the same priority as the Chapter 7 administrative expenses upon conversion

-2-

and are not junior to the Chapter 7 administrative expenses. See *In re Lochmiller Industries, Inc.*, 178 B.R. 241, 250 (Bankr. S.D. Cal. 1995) (citing *In re Juhl Enterprises, Inc.*, 921 F. 2d. 800 (8th Cir. 1990)); *In re Darmstadt Corp.*, 164 B.R. 465 (Bankr. D. Del. 1994); *In re Bancroft Laundry Center, Inc.*, 164 B.R. 586 (Bankr. N.D. Ohio 1994); *In re K & M Printing & Lithographing, Inc.*, 135 B.R. 404 (Bankr. D. Or. 1992); *In re AM-PM Photo Camera Fashions, Inc.*, 116 B.R. 222 (Bankr. D. Id. 1990).

In addition, "numerous courts have recognized their authority to order disgorgement of professional fees to effectuate full payment to higher priority claimants or for pro rata distribution to claimants with the same priority." *Lochmiller Industries*, 178 B.R. at 250. The Ninth Circuit recently held in *In re Strand*, 374 F. 3d 854 (9th Cir. 2004), that "[b]ecause interim awards are interlocutory and often require future adjustments, they are 'always subject to the court's reexamination and adjustment during the course of the case.'" *Id*. at 858 (citing *In re Evangeline Ref. Co.*, 890 F.2d 1312, 1321 (5th Cir. 1989) (quoting 2 *Collier on Bankruptcy* ¶ 331.03 (15th ed.)).

Under the Code, a retainer for future services is property of the bankruptcy estate. See 11 U.S.C. § 541; *In re C & P Auto Transport, Inc.,* 94 B.R. 682, 690 (Bankr. E.D. Cal. 1988). Although estate property is typically distributed pursuant to § 726(b) in a Chapter 7 case, courts are split as to whether a prepetition retainer remains within the scope of mandatory pro rata distribution set forth in § 726(b) when a case is converted from a Chapter 11 to a Chapter 7.

*In re Specker Motor Sales Co. v. Eisen*, 393 F.3d 659 (6th Cir. 2004), is a case with facts similar to those presented here: Chapter 11 bankruptcy counsel was appointed, counsel was paid a retainer, the case was converted to a Chapter 7, counsel's fees were paid, and then the case became administratively insolvent. The *Specker* court held that disgorgement of interim compensation in an administratively insolvent case in order to achieve pro rata distribution to all similarly situated claimants is mandatory under § 726(b). *Id*. at 662-63. The court reasoned that

> [i]nterim compensation is subject to re-examination and adjustment (citations omitted). This includes retainers, which are held in trust for the estate, and remain the property of the estate (citations omitted). As discussed above . . . administrative claims on the estate, at all times remained subject to the statutory *pro rata* distribution scheme in § 726(b).

*Id*. Therefore, according to *Specker*, a retainer provided to counsel prior to the filing of a Chapter 11 is subject to pro rata distribution upon conversion to the Chapter 7.

*In re North Bay Tractor, Inc.,* 191 B.R. 186 (Bankr. N.D. Cal. 1996), stands for the same proposition. The facts are as follows: after the Chapter 11 case was converted to a Chapter 7, the Chapter 11 trustee requested that debtor's counsel, who had received 45% of his total fees on account of his prepetition retainer, not be paid any additional fees unless and until all of the other Chapter 11 administrative claimants received 45% of their fees. The bankruptcy court held that while the attorney "will not be required to disgorge any of his retainer into the estate, he may not receive any further payment unless and until the other claimants of equal priority have been paid a percentage equal to the percentage of his total fee covered by the retainer." *Id*. at 188. Therefore like *Specker*, the court found that pursuant to § 726(b), an attorney is not entitled to be paid a higher dividend than any other similarly situated claimants.

Contrary to the holdings in *Specker* and *North Bay Tractor,* other courts have held that counsel is *not* required to share a prepetition retainer pro rata with other equal priority claimants where either the retainer is treated as security or the retainer is held in trust. See *In re Printing Dimensions, Inc.,* 153 B.R. 715, 719 (Bankr. D. Md. 1993)(citing *In re Kinderhaus Corp*., 58 B.R. 94 (Bankr. D. Minn. 1986)); *In re Burnside Steel Foundary Co.*, 90 B.R. 942, 944 (Bankr. N.D. Ill. 1988); *In the Matter of K & R Mining, Inc.*, 105 B.R. 394, 397 (Bankr. N.D. Ohio 1989).

For example, in *In the Matter of K & R Mining, Inc*., 105 B.R. 394 (Bankr. N.D. Ohio 1989), the court held just the opposite of *Specker*. The facts of *K & R Mining* are also similar to the facts of this case: a retainer was received by the debtor's attorney prior to the filing of the Chapter 11, and

-4-

thereafter, the case was converted to a Chapter 7.  Quoting *In re Burnside Steel Foundary Co.*, 90 B.R. 942, 944 (Bankr. N.D. Ill. 1988), the court in *K & R Mining* reasoned as follows:

> [T]he typical retainer paid to a debtor's attorney in a Chapter 11 case is intended to secure future payment of attorney's fees awarded by the Court. In the event the Court orders such an award, and the debtor does not have the cash to pay the award, the retainer insures payment.  If the case fails and is converted to Chapter 7, the retainer enables the debtor's attorney to avoid the subordination of the Chapter 11 expenses of administration to those incurred in administering the Chapter 7 estate mandated by section 726(b) of the Bankruptcy Code.
>
> The reason why this result obtains is simple.  The debtor's attorney who receives a prepetition retainer to insure payment of fees to be earned in the Chapter 11 case (or post petition retainer authorized by court order) becomes a secured creditor, secured by a possessory security interest in cash . . . .  There is nothing theoretically different between the attorney who receives a retainer against future fees and a landlord who takes a cash security deposit to secure the payment of future rent.  The reason that the retainer succeeds in avoiding the subordination requirements of section 726(b) is that section 726 only affects distribution priorities among holders of unsecured claims, and an attorney with the retainer is, to the extent of the retainer, the holder of a secured claim.

*K & R Mining*, 105 B.R. at 397.  The *K & R Mining* court held that the debtor's attorney possessed a security interest in the retainer to secure payment of fees and expenses and upon court approval of those fees and expenses, the retainer could be applied to reduce the fees and expenses awarded.  *Id.* at 398.  The Ninth Circuit, however, in *In re LPM Corp.,* 300 F.3d 1134 (9th Cir. 2002), disagrees, in part, with the reasoning set forth in *In re Burnside Steel Foundary Company* (quoted by *K & R Mining, Inc.*, 105 B.R. at 397).  The Ninth Circuit held that "post-Chapter 11 rent claims have administrative priority and are entitled to payment under § 365(d)(3), unless the case is converted to a Chapter 7.  In that event, the claims are paid as specified in 11 U.S.C. § 726."  *In re LPM Corp.*, 300 F.3d at 1138.   Therefore, unlike *Burnside Steel Foundary Co.* and *K & R Mining,* the Ninth Circuit would subject post-Chapter 11 rent claims to the priority distribution scheme set forth in § 726(b).

Therefore, this court is presented with two different lines of reasoning. *Specker*, a recent decision out of the Sixth Circuit and *North Bay Tractor*, a bankruptcy decision from the Northern District of California, hold that attorneys who receive prepetition retainers prior to the filing of a Chapter 11 case will be paid with equal priority claimants if that case is converted to a Chapter 7. Additionally, *LPM Corp.*, a Ninth Circuit case, has held that once a case is converted to Chapter 7 and is administratively insolvent, payment of post-petition rent is controlled by § 726(b). On the other hand, *K & R Mining*, a Sixth Circuit bankruptcy case out of Ohio; *In re Burnside*, a bankruptcy case out of the Northern District of Illinois; and *Kinderhaus*, a bankruptcy case out of Minnesota, find that prepetition retainers can be paid to attorneys prior to other similarly situated administrative claimants if a case is converted from a Chapter 11 to a Chapter 7. This court is persuaded by the reasoning set forth in *Specker*, *North Bay Tractor* and *LPM Corp.*, and finds that prepetition retainers should be paid in accordance with the distribution scheme set forth in § 726(b).

"'Equality of distribution among creditors is a central policy of the Bankruptcy Code. According to that policy, creditors of equal priority should receive *pro rata* shares of the debtor's property.'" *Specker*, 393 F.3d at 664 (quoting *Begier v. Internal Revenue Serv.*, 496 U.S. 53, 58 (1990)). "[I]f one claimant is to be preferred over others, the purpose should be clear from the statute." *Nathanson v. N.L.R.B.*, 344 U.S. 25, 29 (1952). To find that Applicant is not required to share a prepetition retainer pro rata with other like claimants upon conversion of a case from Chapter 11 to a Chapter 7 would be to ignore the plain language of § 726(b) and to unjustly award him a "superpriority" status that is not provided by the Code. Indeed, equality of distribution would be vitiated if equally situated administrative claimants did not receive their pro rata share.

Applicant contends he is entitled to be paid ahead of other similarly situated claimants and the U.S. Trustee because his fees are secured by a retaining lien against the prepetition retainer. Based on the recent decision in *Specker*, this court finds Applicant's retainer should be paid

according to the distribution scheme set forth in § 726(b). The plain language of the Code simply does not provide Applicant with a "superpriority" status over similarly situated administrative claimants. Applicant's contention validly points out that he has a right to payment, but the method by which payment is effected is still governed by the Code.

Applicant also argues that the retainer is held in an express trust for the benefit of counsel and is beyond the reach of this court. The trust, however, is limited by the language of the Attorney Fee Agreement which states the following: "[t]he retainer and funds in the trust account may be applied as set forth above prior to an order of the Bankruptcy Court approving the fees, however such fees may be repaid by Attorney to the extent that they may not be approved by the Bankruptcy Court." Attorney Fee Agreement at 4 (*Application to Employ Attorney, Dkt. No. 7*). This language makes it clear that Applicant's "express trust" is subject to the orders of this court, and this court finds that the retainer, even though it is held in trust, is subject to the priority distribution scheme of § 726(b).

Applicant claims for the first time in his Additional Brief that he has a security interest in the retainer. This theory was not argued at the hearing and was not within the supplemental briefing parameters provided by the court. As such, this argument will not be considered.

B. <u>If the Chapter 7 case is administratively solvent and other Chapter 11 administrative claimants of equal priority will not be affected, can Applicant's entire amount of approved fees, be paid immediately, notwithstanding § 726(b)?</u>

Where a case is administratively solvent, an administrative claimant may be paid in advance of other administrative claimants, subject to disgorgement if the case ultimately is determined to be insolvent. *In re Energy Cooperative, Inc.*, 55 B.R 957, 967 (Bankr. N.D. Ill. 1985).

Applicant contends there are sufficient assets to pay all administrative claimants in full without requiring counsel to disgorge his postpetition retainer. Applicant submitted the Declaration of James T. Morris, President of Debtor, which Applicant contends demonstrates there are sufficient assets to pay all administrative claimants in full without requiring Applicant to disgorge his

-7-

postpetition retainer. This declaration, however, only provides Debtor's account balance up to July 26, 2004. There is no evidence suggesting the current state of Debtor's financial responsibilities. Further, there has been no evidence submitted by either the Office of the U.S. Trustee or the Chapter 7 trustee demonstrating that there will be insufficient assets upon administration of the Chapter 7 case. The U.S. Trustee simply indicates in his Additional Brief that the Chapter 7 Trustee has reported some of the estate property stolen and that the value of the remaining property and the extent of the administrative claims are not known. As insufficient evidence has been submitted, this court will defer its ruling on this issue pending a further evidentiary hearing if necessary.

## CONCLUSION

Applicant's prepetition retainer should be paid in accordance with the provisions of § 726(b) and disbursed on a pro rata basis with other similarly situated administrative claims. However, if this case is administratively solvent, Applicant can be paid immediately. This court will conduct an evidentiary hearing, if necessary, in order to determine whether there are sufficient assets to pay Applicant's approved fees and costs immediately rather then at the end of the case.